```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/3/2019
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
:
DR. AUSTIN MAROLLA,                                        :
:
                       Plaintiff,   :
:      18-CV-7395 (VSB)
     - against -                                      :
:      **OPINION & ORDER**
:
DEVLYN OPTICAL LLC, et al.,                                :
:
                      Defendants.  :
:
---------------------------------------------------------- X

<u>Appearances</u>:

John Thomas Lillis, Jr.
Kennedy Lillis Schmidt & English
New York, New York
*Counsel for Plaintiff*

David Brian Lichtenberg
Justin Warren Reiter
Fisher Phillips, LLP
New York, New York and Murray Hill, New Jersey
*Counsel for Defendants Devlyn Optical LLC and 20/20 Retail Management LLC*

Marcy A. Gilroy
Littler Mendelson, P.C.
Newark, New Jersey
*Counsel for Defendants CVS Pharmacy Inc. and CVS AOC Services L.L.C.*

<u>VERNON S. BRODERICK</u>, United States District Judge:

       Plaintiff Dr. Austin Marolla ("Plaintiff") brings this action against Defendants Devlyn Optical LLC and 20/20 Retail Management LLC (collectively, "Devlyn" or the "Devlyn Defendants") for breach of contract and breach of the implied covenant of good faith and fair dealing, and against Defendants CVS Pharmacy Inc. and CVS AOC Services L.L.C. (collectively, "CVS" or the "CVS Defendants") for intentional interference with a contractual

relationship, breach of contract, and breach of the implied covenant of good faith and fair dealing. Before me are motions to dismiss the amended complaint from the Devlyn Defendants and from the CVS Defendants. Because Plaintiff failed to allege that Defendants' conduct breached any binding contract, the motions to dismiss the amended complaint of the Devlyn Defendants and CVS Defendants are GRANTED.

I. **Background**[1]

On October 10, 2017, Plaintiff received a letter ("Devlyn Offer Letter") from Devlyn, extending an offer of employment as a Managing Optometrist at one of their locations. (*See* Am. Compl. ¶ 1; Devlyn Offer Letter 1.)[2] The Devlyn Offer Letter set forth the proposed terms of employment, including by stating, *inter alia*: (1) "Your employment with the company is at-will. In other words, either you or the company can terminate your employment at any time for any reason, with or without cause and with or without notice"; (2) "You will also receive an annual bonus of up to $46,500 based on the quality of [your] work, goals and objectives as defined in Appendix 1 of this letter. First bonus would be paid after the conclusion of 2018, on the second payroll of 2019"; and (3) if termination is without cause, "[Devlyn] will give you a minimum of 4-week notice." (Devlyn Offer Letter 1.) Appendix 1 of the Devlyn Offer Letter included certain goals and objectives for Plaintiff to complete within certain specified time frames. (*Id.* 3; Am. Compl. ¶ 12.)

Plaintiff began work for the Devlyn Defendants on October 16, 2017. (Am. Compl. ¶

---

[1] The following factual summary is drawn from the allegations contained in Plaintiff's amended complaint. (Doc. 18.) I assume the allegations in the amended complaint to be true for purposes of this motion. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). However, my references to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

[2] "Am. Comp." refers to the amended complaint, filed September 6, 2018 ("Amended Complaint"). (Doc. 18.) "Devlyn Offer Letter" refers to the letter from Jesse W. Devlyn Jr. to Plaintiff, dated October 4, 2017, which is attached as Exhibit A to the Amended Complaint. (Doc. 18-1.)

2

13.) About one month later, a merger was announced among the Devlyn Defendants and the CVS Defendants. (*Id.* ¶ 14.) On November 27, 2017, Plaintiff received by email a letter from the CVS Defendants ("CVS Offer Letter"), extending an offer of employment as an Employed Optometrist at the CVS Times Square location. (Am. Compl. ¶ 15; CVS Offer Letter 1.)[3] On December 4, 2017, the CVS Defendants informed Plaintiff that they would not honor any agreement between Plaintiff and the Devlyn Defendants. (Am. Compl. ¶ 16.) On December 28, 2017, Plaintiff informed the CVS Defendants that he accepted their offer. (*Id.* ¶ 18. The same day, the CVS Defendants informed Plaintiff that they were rescinding his offer of employment. (*Id.* ¶ 19.) On January 5, 2018, the Devlyn Defendants notified Plaintiff that his payroll would terminate January 31, 2018, pursuant to the Devlyn Offer Letter, and his payroll terminated on that date. (*Id.* ¶¶ 21–22.)

## II. <u>Procedural History</u>

Plaintiff originally filed this action in the Supreme Court of the State of New York, County of New York, on July 6, 2018. (Doc. 3-1.) The CVS Defendants removed the action to this court on August 16, 2018, (Doc. 3), and filed a motion to dismiss the complaint on August 22, 2018. (Doc. 6.) On August 24, 2018, the Devlyn Defendants also filed a motion to dismiss. (Doc. 11.) On September 6, 2018, Plaintiff filed the Amended Complaint, pursuant to Rule 15 of the Federal Rules of Civil Procedure. (Doc. 18.) The Devlyn Defendants filed a motion to dismiss the Amended Complaint on September 18, 2018, (Doc. 19), which was supported by a memorandum of law, (Doc. 20). The following day, the CVS Defendants filed a motion to dismiss the Amended Complaint, (Doc. 22), which was supported by a memorandum of law,

---

[3] "CVS Offer Letter" refers to the refers to the letter from Holly Masse to Plaintiff, dated November 27, 2017, which is attached as Exhibit B to the Amended Complaint. (Doc. 18-2.)

3

(Doc. 23). Plaintiff filed his opposition on October 19, 2018, to which he attached his affidavit. (Doc. 25.) The Devlyn Defendants filed a reply memorandum on November 2, 2018, (Doc. 26), as did the CVS Defendants. (Doc. 27.)

### III. Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . ." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Finally, although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* A complaint is "deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir.

4

2002) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)).

IV. <u>Discussion</u>

A. *Breach of the Covenant of Good Faith and Fair Dealing*

1. **Applicable Law**

"New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled." *Harris v. Provident Life & Accident Ins. Co.*, 310 F.3d 73, 81 (2d Cir. 2002). "A claim for breach of the implied covenant [of good faith and fair dealing] will be dismissed as redundant where the conduct allegedly violating the implied covenant is also the predicate for breach of covenant of an express provision of the underlying contract." *Doyle v. Mastercard Int'l Inc.*, 700 F. App'x 22, 24 (2d Cir. 2017) (summary order) (quoting *ICD Holdings S.A. v. Frankel*, 976 F.Supp. 234, 243-44 (S.D.N.Y. 1997)); *see also Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 203–04 (2d Cir. 2013) (finding that a "claim for breach of an implied covenant of good faith and fair dealing was properly dismissed insofar as it duplicate[d] the breach of contract claims").

2. **Application**

Plaintiff does not allege any facts in support of his claim against any Defendant for breaches of the covenant of good faith and fair dealing that are distinct from the facts underlying his breach of contract claim. (*See* Am. Compl. ¶¶ 36–39.) Indeed, in his opposition, Plaintiff argues only that Defendants "destroyed [his] right to receive the fruits of the Devlyn [Offer Letter]" and makes no attempt to distinguish the facts underlying his breach of contract claim from the facts underlying his breach of the good faith and fair dealing claim. Accordingly, the

alleged breach of the covenant of good faith and fair dealing claims against Defendants are duplicative of Plaintiff's breach of contract claims; therefore, the breach of the covenant of good faith and fair dealing claims must be dismissed as to all Defendants.

    **B.** *Breach of Contract*

        **1. Applicable Law**

Under New York law, for a successful breach of contract claim, a plaintiff must show: (1) the formation of an agreement; (2) performance by one party; (3) breach of the agreement by the other; and (4) damages. *Berman v. Sugo LLC*, 580 F. Supp. 2d 191, 202 (S.D.N.Y. 2008). "A sufficient pleading for breach of contract must, 'at a minimum, allege the terms of the contract, each element of the alleged breach and the resultant damages in a plain and simple fashion.'" *Warren v. John Wiley & Sons, Inc.*, 952 F. Supp. 2d 610, 624 (S.D.N.Y. 2013) (quoting *Zaro Licensing, Inc. v. Cinmar, Inc.*, 779 F. Supp. 276, 286 (S.D.N.Y. 1991)).

        **2. Application**

            a. <u>Devlyn Defendants</u>

The Devlyn Defendants argue that because the Devlyn Offer Letter includes a clause stating that the offer was for at-will employment ("Devlyn At-Will Clause"), the Offer Letter does not constitute a contract. (*See* Devlyn Mem. 6.)[4] The Devlyn At-Will Clause states: "**YOUR EMPLOYMENT WITH [DEVLYN] IS AT-WILL. IN OTHER WORDS, EITHER YOU OR [DEVLYN] CAN TERMINATE YOUR EMPLOYMENT AT ANY TIME FOR ANY REASON, WITH OR WITHOUT CAUSE AND WITH OR WITHOUT NOTICE.**" (*See* Devlyn Offer Letter 1 (bold and capitalization in original).)

---

[4] "Devlyn Mem." refers to the Memorandum of Law in Support of Defendants Devlyn Optical LLC and 20/20 Retail Management, LLC's Motion to Dismiss the Amended Complaint, filed September 18, 2018. (Doc. 20.)

6

The Devlyn Defendants rely on *Moore v. Thomson Reuters (GRC) Inc.*, No. 17 Civ. 0211 (LGS), 2017 WL 4083582 (S.D.N.Y. Sept. 14, 2017), *appeal dismissed* (Mar. 19, 2018), and similar cases in which courts have found that where a plaintiff's "interpretation of the Offer Letter as constituting a binding and enforceable contract is directly contradicted by the Offer Letter's express terms, it cannot form the basis of Plaintiff's breach of contract claim." *Moore*, 2017 WL 4083582, at *3. The Devlyn Defendants' reliance on these cases is misguided, because they involve explicit disclaimers of the formation of a contract. *See id.* (basing its finding on language in the offer letter stating, "nothing in this offer letter should be construed as creating a contract of employment"); *see also, e.g.*, *Sharkey v. J.P. Morgan Chase & Co.*, No. 10 Civ. 3824, 2011 WL 135026, at *9 (S.D.N.Y. Jan. 14, 2011) (dismissing a breach of contract claim because the document plaintiff relied on stated that it "prevent[ed] the creation of a contract and negate[d] any protection from termination plaintiff may have inferred" from the document). The Devlyn Offer Letter did not disclaim the existence of a contract; rather, it stated only that the employment would be at will, and "reference to an employment at will policy does not bar the Offer Letter from operating as a valid contract." *Broyles v. J.P. Morgan Chase & Co.*, No. 08 Civ. 3391, 2010 WL 815123, at *3 (S.D.N.Y. Mar. 8, 2010 (collecting cases).

"[A]n at-will employee can prevail on a breach of contract claim against his employer arising out of an employment agreement . . . . In other words, an employer may terminate an at-will employee, but he cannot retroactively change the terms of the employment agreement he entered into with that employee." *Dreyfuss v. eTelecare Glob. Sols.-US, Inc.*, No. 08 Civ. 1115(RJS), 2010 WL 4058143, at *4 (S.D.N.Y. Sept. 30, 2010) (internal citations omitted). The Devlyn Defendants make no attempt to distinguish the Devlyn Offer Letter from the letter at issue in *Kamdem-Ouaffo v. Balchem Corp.*, No. 17-CV-2810 (KMK), 2018 WL 4386092, at *13

(S.D.N.Y. Sept. 14, 2018), where the court found that an offer letter formed a binding contract notwithstanding language similar to the Devlyn At-Will Clause.  Accordingly, I find that the Devlyn At-Will Clause does not preclude the existence of a binding contract between Plaintiff and the Devlyn Defendants as a matter of law.

Nevertheless, Plaintiff's breach of contract claim against the Devlyn Defendants must fail.  As an initial matter, the Devlyn Offer Letter includes a space for Plaintiff's signature and states, "In order to confirm your agreement with and acceptance of these terms, please sign one copy of this letter and return it . . . ."  (Devlyn Offer Letter 2.)  However, the copy of the Devlyn Offer Letter attached by Plaintiff to the Amended Complaint was not signed by Plaintiff.  *See Ciaramella v. Reader's Digest Ass'n, Inc.*, 131 F.3d 320, 322 (2d Cir. 1997) ("[I]f the parties intend not to be bound until the agreement is set forth in writing and signed, they will not be bound until then.").  *Cf. Kamdem-Ouaffo*, 2018 WL 4386092, at *13 (finding that "by signing the offer letter, the plaintiff entered into a valid and enforceable contact with the defendant" (internal quotation marks omitted)).  The failure to produce a fully executed Devlyn Offer Letter is a sufficient basis to dismiss Plaintiff's breach of contract claim.

In addition, Plaintiff alleges that the Devlyn Offer Letter "explicitly extends Plaintiffs [*sic*] employment through the 2018 calendar year."  (Am. Compl. ¶ 24.)  However, there is no term in the Devlyn Offer Letter that explicitly states that Plaintiff's employment would continue through the 2018 calendar year.  Plaintiff's opposition memorandum sets forth his argument that because the Devlyn Offer Letter contemplates a bonus based on his performance and lists "2018 goals and objectives," which include deadlines at the end of the 2018 calendar year, the Offer Letter includes an "implied promise" that Plaintiff "would be employed at least through the end

8

of 2018." (Pl. Opp. 7.)[5] The position taken in his opposition—that the offer letter included an "implied promise" of employment through the end of 2018—is at odds with the allegation in the complaint, that the Devlyn Offer Letter "explicitly extends" his employment through the 2018 calendar year. The failure to allege facts to support Plaintiff's claim that the Devlyn Defendants intended to promise employment through the end of the 2018 calendar year, when the Devlyn Offer Letter includes no such promise, is also a deficiency that in and of itself warrants dismissal of the breach of contract claim.

In any event, "New York courts have repeatedly held that temporal references to compensation do not create employment for a fixed duration and they do not limit an employer's right to terminate an employee at will." *Heuler v. Decision Econ., Inc.*, No. 06 Civ. 4039, 2007 WL 844671, at *3 (S.D.N.Y. Mar. 19, 2007) (collecting cases). Even if I construe the Devlyn Offer Letter as a contract, the terms of that contract unambiguously give the Devlyn Defendants the right to terminate Plaintiff's "employment at any time for any reason, with or without cause and with or without notice." (Devlyn Offer Letter 1.) Accordingly, Plaintiff's allegation that the Devlyn Defendants breached that contract by terminating his employment fails.[6]

---

[5] "Pl. Opp." refers to Plaintiff's Memorandum of Law in Opposition to Both the Motions to Dismiss of Defendants Devlyn Optical LLC, 20/20 Retail Management, LLC, CVS Pharmacy, Inc. and CVS AOC Services, LLC., filed October 19, 2018. (Doc. 25.) Plaintiff also attached his affidavit to his opposition memorandum without citing any legal authority in support of my considering the affidavit in connection with the motions to dismiss. There is no basis for me to consider the affidavit; therefore, I will not consider the affidavit for purposes of Defendants' motions. *See Goodman v. Port Auth. of New York & New Jersey*, 850 F. Supp. 2d 363, 381 (S.D.N.Y. 2012) ("Plaintiff's additional factual assertions, provided in his opposition papers and affidavit, are inadmissible."); *Wachtel v. Nat'l R.R. Passenger Corp.*, No. 11 Civ. 613 PAC, 2012 WL 292352, at *2 (S.D.N.Y. Jan. 30, 2012) ("While Plaintiff attached an affidavit to his opposition brief in an attempt to support his argument, the Court cannot consider affidavits in ruling on a motion to dismiss.").

[6] The Devlyn Offer Letter arguably contemplates the ability of Plaintiff to be eligible for a bonus and paid vacation time. The contemplated bonus is "based on the quality of [Plaintiff's] work, goals and objectives as defined in Appendix 1of [the Devlyn Offer Letter.]" Even assuming, *arguendo*, that the provision of the bonus is not entirely within Devlyn's discretion, the Amended Complaint does not allege that Plaintiff completed—or even partially completed—any of the goals and objectives listed in Appendix 1.

b. CVS Defendants[7]

Relying on the same cases as the Devlyn Defendants, the CVS Defendants also argue that Plaintiff's breach of contract claim should be dismissed because he has not alleged the existence of a valid employment contract. (CVS Mem. 5–7.)[8] Unlike the Devlyn Offer Letter, the CVS Offer Letter does include an explicit disclaimer of a contract ("CVS At-Will Clause"): "While we hope that you have a long, successful, and rewarding career with CVS Health, this offer is for 'at will' employment and is not a contract, such that either you or [CVS] may terminate the employment relationship at any time." (*See* CVS Offer Letter 1.) However, this language does not preclude the existence of a contract. The contract at issue in *Arakelian v. Omnicare, Inc.*, 735 F. Supp. 2d 22, 27 (S.D.N.Y. 2010) contained similar language: "While this letter is our commitment to employ you in the previous mentioned position, please understand that it does not constitute a contract or promise of employment for any specific length of time." The *Arakelian* court held that that language "does not mean that the Offer Letter is not a contract; rather, it means that [plaintiff] will be an at-will employee 'subject to discharge at any time.' . . . By signing the Offer Letter, [plaintiff] entered into a valid and enforceable contact with [defendant's predecessor], albeit a valid and enforceable at-will employment contract." *Id.* 32. The CVS Defendants make no attempt to distinguish *Arakelian* or to identify any flaw in its

---

[7] Plaintiff appears to have abandoned his claim for breach of contract against the CVS Defendants. The CVS Defendants presented arguments in support of their motion to dismiss that claim in their memorandum, but Plaintiff did not address these arguments in his opposition memorandum. Accordingly, any arguments Plaintiff could have made in support of this claim are waived. *See In re UBS AG Sec. Litig.*, No. 07 Civ. 11225 RJS, 2012 WL 4471265, at *11 (S.D.N.Y. Sept. 28, 2012), *aff'd sub nom. City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173 (2d Cir. 2014). I consider the breach of claim against the CVS Defendants only out of an abundance of caution.

[8] "CVS Mem." refers to Defendants CVS Pharmacy, Inc. and CVS AOC Services, L.L.C.'s Memorandum of Law in Support of Their Motion to Dismiss Plaintiff's Amended Complaint, filed September 19, 2018. (Doc. 23.)

reasoning. Accordingly, I find that the CVS At-Will Clause does not preclude the existence of a binding contract between Plaintiff and the CVS Defendants as a matter of law.

However, Plaintiff does not allege that the CVS Defendants failed to perform any obligation that may arguably have been created by the CVS Offer Letter. In other words, Plaintiff has not alleged a breach. Plaintiff alleges only that, after he accepted the CVS Defendants' offer of employment, they "told [Plaintiff] that they rescinded their offer." (*See* Am. Compl. ¶ 19.) Even though, for the reasons explained above, the CVS Offer Letter may be a binding contract, its unambiguous terms state that CVS "may terminate the employment relationship at any time." (CVS Offer Letter 1.) It follows then, that the CVS Defendants could terminate Plaintiff's employment even before his first day of work. Accordingly, Plaintiff's claim for breach of contract against the CVS Defendants' is dismissed.

### C. *Intentional Interference of a Contract Relationship*

Finally, Plaintiff brings a claim against the CVS Defendants for intentional interference with the Devlyn Offer Letter. (Am. Compl. ¶¶ 25–28.) "A claim of tortious interference requires proof of (1) the existence of a valid contract between plaintiff and a third party; (2) the defendant's knowledge of that contract; (3) the defendant's intentional procuring of the breach, and (4) damages." *Foster v. Churchill*, 665 N.E.2d 153, 156 (N.Y. 1996); *see also Kirch v. Liberty Media Corp.*, 449 F.3d 388, 400 (2d Cir. 2006). A tortious interference claim requires a breach of the contract between the plaintiff and the third party. *NBT Bancorp Inc. v. Fleet/Norstar Fin. Grp., Inc.*, 664 N.E.2d 492, 495 (N.Y. 1996). As discussed above, Plaintiff has failed to allege a breach of contract by the Devlyn Defendants. *See supra* § IV.A.2. Accordingly, this claim must also fail.

## V. <u>Conclusion</u>

For the foregoing reasons, Defendants' motions to dismiss Plaintiff's Amended Complaint are GRANTED. The Clerk of Court is respectfully directed to terminate the open motions at Documents 19 and 22 and to close this case.

SO ORDERED.

Dated: September 3, 2019
     New York, New York

Vernon S. Broderick
United States District Judge